UNITED STATES DISTRICT COURT                    JS6
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-05056-RGK-DSR | Date | June 29, 2026 |
|---|---|---|---|
| Title | *Charles Cox v. Kik International, LLC, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) Order to Show Cause Re: Notice of Removal [1]**

On March 19, 2026, Charles Cox ("Plaintiff"), on behalf of similarly situated employees, filed a Class Action Complaint in California state court against Kik International, LLC ("Defendant"), alleging nine California state law causes of action arising from employment. (ECF No. 1-2.) On March 27, 2026, Defendant was served with the Complaint and associated documents. (ECF No. 1-5.) On May 5, 2026, Defendant filed its Answer, asserting an affirmative defense that the causes of action are preempted by the Labor Management Relations Act ("LMRA") because the causes of action are substantially dependent on a Collective Bargaining Agreement ("CBA") that governs Plaintiff's employment. (ECF No. 1-7.)

On May 11, 2026, Defendant removed the action to this Court on the basis of federal question because Plaintiff's claims are allegedly preempted by the LMRA. (ECF No. 1.) Upon review of Defendant's Notice of Removal, the Court ordered Defendant to show cause that the removal was timely. (ECF No. 17.) On June 25, 2026, Defendant responded. (ECF No. 20.)

"[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint." *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998). "If the case stated by the initial pleading is *not* removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may *first* be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b) (emphasis added). Failure to comply with the statutory time limit bars removal. *See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal as well, and "[s]everal courts have noted that the thirty-

---

UNITED STATES DISTRICT COURT                    JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-05056-RGK-DSR | Date | June 29, 2026 |
|---|---|---|---|
| Title | *Charles Cox v. Kik International, LLC, et al* | | |

day time limit for petitioning for removal will be strictly construed against a defendant." *Roberson v. Orkin Exterminating Co.*, 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (citations omitted).

As stated above, Defendant removed this action on May 11, 2026, forty-five days after Defendant was served with the Complaint. In its response to the current Order to Show Cause, Defendant maintains the removal was timely because Plaintiff's Complaint did not reference the CBA and thus did not trigger the initial thirty-day deadline. However, this argument is flawed.

The Ninth Circuit has recognized that although defendants do not have a duty to investigate jurisdictional facts, the removal statute does require "a defendant apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). Here, the initial pleading filed by Defendant's employee should have put Defendant on notice that the case may be removed, thus starting the thirty-day requirement from the time of the initial pleading. Defendant cannot have it both ways by arguing that the Complaint includes claims that can only be brought as contractual claims under the CBA, but then not comply with the thirty-day removal period. *See Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1255 (9th Cir. 1989). In *Cantrell*, the Ninth Circuit was presented with the issue of whether a claim that was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") was timely removed. *Id.* In that case, the plaintiff never alleged any causes of action under ERISA, or indicated that her insurance policy was an ERISA plan. *Id.* However, there was evidence that had definitively shown the defendant was aware that the policy fell under ERISA. *Id.* Therefore, the court noted that in the "absence of evidence that shows [defendants] were ignorant" that the policy fell under ERISA, it would not be fair for the defendants to "have it both ways," and permit removal of the case without compliance with the thirty-day requirement. *Id.*

Here, Defendant clearly was put on notice of its theory that the case was removeable prior to filing the Notice of Removal. This is most evident from Defendant's Answer that was filed six days prior to the Notice of Removal, in which Defendant asserted that the causes of action in the Complaint are preempted by the LMRA. Accordingly, Defendant's removal of this action unjustifiably occurred after the thirty-day window and is untimely. Thus, the Court **REMANDS** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: LASC, 26STCV09049

_____ : _____

Initials of Preparer          JRE/gz

_____